NOT DESIGNATED FOR PUBLICATION

No. 120,914

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSE A. IBARRA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed June 21, 2019. Affirmed.

Submitted for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., GREEN and BRUNS, JJ.

PER CURIAM: Jose A. Ibarra appeals the district court's decision revoking his probation and requiring him to serve his underlying sentence. On Ibarra's motion, we accepted this appeal for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). Based on our review of the record, we find no error in the decision to revoke Ibarra's probation and ordering him to serve his underlying sentence.

After entering into a plea agreement, Ibarra was convicted of an offender registration violation. He was sentenced to a prison term of 21 months to be followed by postrelease supervision for a period of 24 months. However, the district court suspended Ibarra's sentence to 24 months' probation. On February 21, 2019, he admitted to violating

1

the terms of his probation, including the commission of a new crime. Accordingly, the district court revoked Ibarra's probation and imposed his underlying sentence.

On appeal, Ibarra contends that the district court erred in revoking his probation and ordering him to serve his underlying sentence. Because it is undisputed that Ibarra committed a new crime, no intermediate sanctions were required and we review the record on appeal under an abuse of discretion standard. See K.S.A. 2018 Supp. 22-3716(c)(8)(A); *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Jones*, 306 Kan. 948, 957, 398 P.3d 856 (2017).

Based on our review of the record, we find no error of fact or law. Rather, we find that the district court's decision was reasonable under the circumstances presented. Because intermediate sanctions were not required in light of the fact that Ibarra committed a new crime, we find that the district court acted within its sound discretion in revoking his probation and in imposing his underlying sentence. Moreover, Ibarra has not offered any reason for us to find that the district court abused its discretion. Thus, we affirm the district court's decision.

Affirmed.